UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MICHAEL STEPHENS,

     Plaintiff,

v.

ZARA U.S.A., INC.,

     Defendant.

_____/

## NOTICE OF REMOVAL

Defendant ZARA USA, Inc., hereby removes this action, which is currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County Florida, Case No. 2021-001486-CA-06 (the "State Court Action"), to the United States District Court for the Southern District of Florida, Miami Division. In support of this Notice of Removal, Zara states the following:

## REMOVAL STANDARD

1.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

2.     Under 28 U.S.C. § 1331, federal courts shall have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States."

## PAPERS FROM REMOVED ACTION

3.      Pursuant to 28 U.S.C. § 1446(a), Defendant attaches to this Notice of Removal a copy of all pleadings, orders and other papers or exhibits of every kind currently on file in the State Court Action. *See* Exhibit 1, attached hereto.

## THE REMOVAL IS TIMELY

4.      Defendant was served with the State Court Action on March 24, 2021. Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b). *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .").

## VENUE IS PROPER

5.      Venue is proper in this Court because this action is being removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and the Plaintiff resides in this District. *See* Ex. 1, Compl. at ¶ 2.

## FEDERAL QUESTION JURISDICTION

6.      Plaintiff asserts claims for race, color, and national origin discrimination and also asserts claims for retaliation in violation of the Florida Civil Rights Act of 1992 and Title VII of the Civil Rights Act of 1964.

7.      This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, and this case is therefore properly removable to this Court pursuant to 28 U.S.C. § 1441 in that it is a civil action containing federal causes of action.

8.      Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's other claims because they are so related to claims in this action within such original

jurisdiction that they form part of the same case or controversy.

## FILING OF REMOVAL PAPERS

9.      Pursuant to 28 U.S.C. § 1446(d), written notice of removal of this action will be promptly served to Plaintiff.

10.      Concurrent with the filing of this Notice of Removal, Defendant has filed a Notice of Filing the Notice of Removal, including a true and correct copy of the Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *See* Exhibit 2, attached hereto.

11.      The undersigned counsel is authorized by Defendant to file this Notice of Removal, is licensed to practice law in the state of Florida, and is a member in good standing of this Court.

**WHEREFORE**, Defendant hereby removes the above-captioned action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and requests that further proceedings be conducted in this Court as provided by law.

Date: April 23, 2021                    Respectfully submitted,


By: /s/ Michael A. Holt_____
        Michael A. Holt
        Florida Bar No.: 91156
        Garrett S. Kamen
        Florida Bar No.: 125854
        FISHER & PHILLIPS LLP
        450 East Las Olas Boulevard, Suite 800
        Fort Lauderdale, Florida 33301
        Telephone: (954) 525-4800
        Facsimile: (954) 525-8739
        mholt@fisherphillips.com
        gkamen@fisherphillips.com

        *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **April 23, 2021**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Michael A. Holt
MICHAEL A. HOLT

## <u>SERVICE LIST</u>

Peter M. Hoogerwoerd
REMER & GEORGES-PIERRE, PLLC
Courthouse Tower, Suite 2200
44 West Flagler Street
Miami, Florida 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
pmh@rgpattorneys.com

*Attorney for Plaintiff*

Michael A. Holt
Garrett S. Kamen
FISHER & PHILLIPS LLP
450 East Las Olas Boulevard, Suite 800
Fort Lauderdale, Florida 33301
Telephone: (954) 525-4800
Facsimile: (954) 525-8739
mholt@fisherphillips.com
gkamen@fisherphillips.com

*Attorneys for Defendant*

EXHIBIT 1

## MIAMI-DADE COUNTY CLERK OF THE COURTS
### HARVEY RUVIN

Contact Us    My Account    

---

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

**◀◀ BACK**

| MICHAEL STEPHENS VS ZARA U.S.A. INC. | | | |
|---|---|---|---|
| **Local Case Number:** | 2021-001486-CA-01 | **Filing Date:** | 01/20/2021 |
| **State Case Number:** | 132021CA001486000001 | **Judicial Section:** | CA06 |
| **Consolidated Case No.:** | N/A | **Case Type:** | Discrimination - Employment or Other |
| **Case Status:** | OPEN | | |

### 👥 Parties
Total Of Parties: 2   —

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | Stephens, Michael | **B#: (Bar Number)**188239<br>**N: (Attorney Name)**Hoogerwoerd, Peter | |
| Defendant | ZARA U.S.A. Inc. | | |

### 🔨 Hearing Details
Total Of Hearings: 0   —

| Hearing Date | Hearing Time | Hearing Code | Description | Hearing Location |
|---|---|---|---|---|

### 🔊 Dockets
Total Of Dockets: 7   —

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | | 02/18/2021 | | 20 Day Summons Issued | Service | |
| 📄 | 6 | 02/18/2021 | | ESummons 20 Day Issued | Event | Parties: ZARA U.S.A. Inc. |
| | 5 | 02/17/2021 | | Receipt: | Event | RECEIPT#:2500260 AMT PAID:$10.00 NAME:HOOGERWOERD, PETER 44 W FLAGLER ST FL 22 MIAMI FL 33130-1808 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$10.00 RECEIPT DATE:02/17/2021 REGISTER#:250 CASHIER:EFILINGUSER |
| 📄 | 4 | 02/16/2021 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 3 | 01/22/2021 | | Receipt: | Event | RECEIPT#:2570142 AMT PAID:$401.00 NAME:HOOGERWOERD, PETER 44 W FLAGLER ST FL 22 MIAMI FL 33130-1808 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 |

EXHIBIT 1



| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | | | | | | TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 RECEIPT DATE:01/22/2021 REGISTER#:257 CASHIER:EFILINGUSER |
| | 2 | 01/20/2021 | | Complaint | Event | |
| | 1 | 01/20/2021 | | Civil Cover Sheet - Claim Amount | Event | |

**◄◄ BACK**

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



# HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2021 Clerk of the Courts. All rights reserved.



EXHIBIT 1

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Michael Stephens</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>ZARA U.S.A. Inc.</u>
 Defendant

---

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   8

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.
No

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Peter M Hoogerwoerd      Fla. Bar # 188239
    Attorney or party         (Bar # if attorney)

Peter M Hoogerwoerd        01/20/2021
 (type or print name)        Date

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

MICHAEL STEPHENS,

      Plaintiff,

vs.                               Case No.

ZARA U.S.A., INC.,
A Foreign Profit Corporation

      Defendant.

_____/

## COMPLAINT

Plaintiff, MICHAEL STEPHENS ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, ZARA USA INC.("Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages and other relief exceeding $30,000 based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)); and the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11.

2. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court.

3. Plaintiff was an employee as defined pursuant to Miami-Dade County Code §§ 11A-25 *et seq.*

4. Plaintiff is a Black, African American, individual. He is therefore a member of a class protected under the Florida Civil Rights Act because the terms, conditions, and privileges of his employment were altered because of his national origin, color and/or race.

1

5.      Defendant ZARA U.S.A., INC. is a Foreign Profit Corporation authorized to do business in Florida and having multiple store locations throughout Florida, including Miami-Dade County.

6.      Defendant has at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

7.      Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami-Dade County.

8.      Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

9.      Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations.

10.     The EEOC did not issue a finding within 180 days of filing Plaintiff's Charge of Discrimination. A finding was not issued by the Miami-Dade Commission on Human Rights.

11.     All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12.     Plaintiff is a Black, African-American individual.

13.     Plaintiff began working for Defendant as a cashier/sales associate on or about May of 2016.

14.     The majority of the employees at the store are White-Hispanic.

15.   Throughout Plaintiffs employment, Plaintiff experienced disparate treatment because of his race and national origin.

16.   Non-Black, African American employees received favorable treatment, such as being schedules more hours and being given more opportunities to grow within the company.

17.   Plaintiff was provided with the least amount of workable hours at the Collins Avenue store where Plaintiff worked for Defendant.

18.   Plaintiff was passed over for a higher position, which was ultimately given to a Hispanic individual.

19.   Plaintiff decided to transfer to the Aventura store due to the discriminatory treatment he was receiving at the Collins Avenue store.

20.   Plaintiff transferred to the Aventura location on or about March of 2019.

21.   Plaintiff was initially working as a cashier at this location under the supervision of the head cashier, Angel Romero, a Black Hispanic individual. Mr. Romero was in charge of Plaintiff's schedule work schedule during which time, Plaintiff was allotted a work schedule consisting of approximately 30-35 hours per week.

22.   On or about May of 2019, Plaintiff transitioned into a sales associates position.

23.   As a sales associate, Plaintiff's work schedule was controlled by Plaintiff's managers Ana (LNU) and Jorge (LNU), both White, Hispanics.

24.   Plaintiff's work hours have since been dramatically reduced and Plaintiff gets scheduled to work on days he is not available.

25.   Plaintiff has complained multiple times to management and Human Resources about the difference in hours and feeling targeted as a result.

26.   Plaintiff was told by in- house, Human Resources, Arianna (LNU) (White, Hispanic), that everyone's hours were being reduced.

27.   Plaintiff believes Arianna's statements were untrue, because Plaintiff was able to check everyone's work schedule and saw that Arianna lied to Plaintiff outright.

28.   In response to Plaintiff's complaints, Arianna told Plaintiff to get another job.

29.   The Black, non-Hispanic employees are usually given more difficult and physically demanding jobs at the store.

30.   Plaintiff continues to receive the minimum amount of hours and has yet to receive his yearly raise.

31.   Upon information and belief, Plaintiff has been and continues to be discriminated against because of his race and national origin.

32.   At all times throughout Plaintiff's employment, Plaintiff was qualified for his position and performed all of his duties in an exemplary fashion in a satisfactory or above satisfactory manner.

## COUNT I
### *National Origin Discrimination in Violation the FCRA*

33.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 of this complaint as if set out in full herein.

34.   Plaintiff is a member of a protected class under the FCRA.

35.   By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on national origin.

36.   Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has an African-

American national origin.

37.    Defendant's conduct complained of herein was willful and in disregard of Plaintiff's pro-

tected rights. Defendant and its supervisory personnel were aware that discrimination on

the basis of national origin was unlawful but acted in reckless disregard of the law.

38.    At all times material hereto, the employees exhibiting discriminatory conduct towards

Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's

employment with the Defendant.

39.    Defendant retained all employees who exhibited discriminatory conduct toward the Plain-

tiff and did so despite the knowledge of said employees engaging in discriminatory actions.

40.    As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights,

has been exposed to ridicule and embarrassment, and has suffered emotional distress and

damage.

41.    The conduct of Defendant, by and through the conduct of its agents, employees, and/or

representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights un-

der state law.

42.    The actions of the Defendant and/or its agents were willful, wanton, and intentional, and

with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus enti-

tling Plaintiff to damages in the form of compensatory and punitive damages pursuant to

federal law, to punish the Defendant for its actions and to deter it, and others, from such

action in the future.

43.    Plaintiff has suffered and will continue to suffer both irreparable injury and compensable

damages as a result of Defendant's discriminatory practices unless and until this Honorable

Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A.  Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    E.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

    F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT II**</u>
***Color Discrimination in Violation the FCRA***

44.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 of this complaint as if set out in full herein.

45.    Plaintiff is a member of a protected class under the FCRA.

46.    By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's color and subjected the Plaintiff to animosity based on color.

47.    Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would

EXHIBIT 1

not have been the object of discrimination but for the fact that Plaintiff is Black.

48. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's pro-

tected rights. Defendant and its supervisory personnel were aware that discrimination on

the basis of national origin was unlawful but acted in reckless disregard of the law.

49. At all times material hereto, the employees exhibiting discriminatory conduct towards

Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's

employment with the Defendant.

50. Defendant retained all employees who exhibited discriminatory conduct toward the Plain-

tiff and did so despite the knowledge of said employees engaging in discriminatory actions.

51. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights,

has been exposed to ridicule and embarrassment, and has suffered emotional distress and

damage.

52. The conduct of Defendant, by and through the conduct of its agents, employees, and/or

representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights un-

der state law.

53. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and

with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus enti-

tling Plaintiff to damages in the form of compensatory and punitive damages pursuant to

federal law, to punish the Defendant for its actions and to deter it, and others, from such

action in the future.

54. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable

damages as a result of Defendant's discriminatory practices unless and until this Honorable

Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT III</u>
### *Race Discrimination in Violation of the FCRA*

55.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 of this complaint as if set out in full herein.

56.   At all times material hereto, Defendants failed to comply with the Florida Civil Rights Act of 1992 Florida Statutes Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise

EXHIBIT 1

to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, or national origin.

57.    The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions, and privileges of one's employment, based upon race considerations or reasons.

58.    The Plaintiff is a Black, African-American individual and he possessed the requisite qualifications and skills to perform his position with Defendant.

59.    The Plaintiff was subjected to disparate treatment in the workplace, in that similarly-situated, non-Black employees were allowed better work opportunities.

60.    The Plaintiff was terminated as a result of his race and the reasons given by Defendant, if any, for his termination are mere pretext for illegal discrimination.

61.    As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

62.    Moreover, as a further result of the Defendant's unlawful race-based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

63.    Plaintiff was qualified for his position with Defendant.

64.    Defendants violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his race in the terms, conditions, and privileges of employment.

65.    Defendant retaliated against Plaintiff after complaints of race discrimination and failed to address complaints of discrimination.

EXHIBIT 1

66.    The Defendant's actions were malicious and recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race and national origin.

67.    The aforementioned actions of Defendants were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.    Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.    Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

C.    Require Defendant to place Plaintiff in Plaintiff's original position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement;

D.    Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT VI**</u>
***Retaliation in Violation of the FCRA***

68.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 of this complaint as if set out in full herein.

69.    Plaintiff is a member of a protected class under the FCRA.

70.    By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights

protected under the FCRA.

71.  Defendant's conduct complained of herein was willful and in disregard of Plaintiff's pro-

tected rights. Defendant and its supervisory personnel were aware that discrimination on

the basis of Plaintiff's sex, national origin and/or disability was unlawful but acted in reck-

less disregard of the law.

72.  As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights,

has been exposed to ridicule and embarrassment, and has suffered emotional distress and

damage.

73.  The conduct of Defendant, by and through the conduct of its agents, employees, and/or

representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights un-

der state law.

74.  The actions of the Defendant and/or its agents were willful, wanton, and intentional, and

with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus enti-

tling Plaintiff to damages in the form of compensatory and punitive damages pursuant to

federal law, to punish the Defendant for its actions and to deter it, and others, from such

action in the future. Plaintiff has suffered and will continue to suffer both irreparable injury

and compensable damages as a result of Defendant's discriminatory practices unless and

until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

E.  Adjudge and decree that Defendant has violated the FCRA, and has done so willfully,

intentionally, and with reckless disregard for Plaintiff's rights;

11

F.   Enter an award against Defendant and award Plaintiff compensatory damages for men-
tal anguish, personal suffering, and loss of enjoyment of life;

G.   Require Defendant to place Plaintiff in his original position at the rate of pay and with
the full benefits Plaintiff would have, had Plaintiff not been discriminated against by
Defendant, or in lieu of reinstatement;

H.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and
Grant Plaintiff such additional relief as the Court deems just and proper under the cir-
cumstances.

## COUNT V
### *Discrimination Based on National Origin in Violation of Title VII*

75.   Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as
set forth herein paragraphs 1-32 of this complaint as if set out in full herein.

76.   At all times material hereto, the Defendant failed to comply with the Civil Rights Act of
1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for
an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to dis-
criminate against any individual with respect to his compensation, terms, conditions, or priv-
ileges of employment, because of such individual's race, color, religion, sex, or national
origin; or (2) to limit, segregate, or classify his employees or applicants for employment in
any way which would deprive or tend to deprive any individual of employment opportunities
or otherwise adversely affect his status as an employee, because of such individual's race,
color, religion, sex, or national origin."

77.   Defendant's decision to discriminate against Plaintiff was because of Plaintiff's African-
American national origin.

**EXHIBIT 1**

78.  The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-Black, African-American employees were allowed better work opportunities by not being subjected to unfair treatment.

79.  At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

80.  The Plaintiff was qualified for the position apart from his apparent national origin.

81.  The Plaintiff was discriminated against by his supervisor because he is Black, African-American.

82.  The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

83.  The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

84.  Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his national origin in violation of Act with respect to its decision to treat Plaintiff different from other employees.

85.  Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he is a Black, African-American, in violation of the Act.

86.  As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

87.  Any alleged nondiscriminatory reason for the termination of Plaintiff's employment

asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's national origin.

88.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their national origin. The discrimination on the basis of national origin constitutes unlawful discrimination.

**WHEREFORE**, Plaintiff respectfully requests that this court order the following:

A.  Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all p e r s o n s  i n   active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin.

B.  Reinstate Plaintiff to the same position he held before the discriminatory personnel action, or to an equivalent position.

C.  Reinstate full fringe benefits and seniority rights to Plaintiff.

D.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his national origin.

E.  For a money judgment representing prejudgment interest.

F.  Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

## COUNT VI
### *Race Discrimination in Violation of Title VII*

89.     Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendants, and re-alleges as set forth herein paragraphs 1-32 of this initial complaint and states:

90.     At all times material hereto, the Employer/Defendants failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

91.     The discrimination of Plaintiff by Defendants was caused by Defendants being aware of Plaintiff's race.

92.     Defendants' decision to discriminate against Plaintiff was because of Plaintiff's race; Plaintiff is Black, African-American.

93.     At all relevant times aforementioned, including the time of discrimination, Defendant was aware of Plaintiff's race.

94.     At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

95.     The Plaintiff was qualified for the position apart from his apparent race.

96.     The Plaintiff was discriminated against by his supervisor because he is black.

97.     The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

98.     The failure of Defendant to adhere to the mandates of the Act was willful and the violations of the provisions of the Act were willful.

**EXHIBIT 1**

99.     Defendants, through their practices and policies as employers, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his race in violation of Act with respect to their decision to treat Plaintiff different from other employees.

100.     Plaintiff was fired by Defendant and these actions were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he is Black, in violation of the Act.

101.    As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

102.    Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's race.

103.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their race. The discrimination on the basis of national race constitutes unlawful discrimination.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

16

    D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    E.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

    F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT VII**
***Color Discrimination in Violation of Title VII***

104.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 of this complaint as if set out in full herein.

105.    Plaintiff is a member of a protected class under § 1981.

106.    By the conduct describe above, Defendants have engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

107.    Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

108.    Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and their supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

109.    At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

110.    Defendants retained all employees who exhibited discriminatory conduct toward the

17

Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

111.   As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

112.   The conduct of Defendants, by and through the conduct of their agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

113.   The actions of the Defendants and/or their agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for their actions and to deter it, and others, from such action in the future.

114.   Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

115.   So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A.   Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

EXHIBIT 1

B.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VIII
### *Retaliation in Violation of Title VII*

116.  Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-32 of this complaint as if set out in full herein.

117.  Plaintiff is a member of a protected class under Title VII, to wit: he complained of discriminatory treatment.

118.  By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the Title VII.

119.  Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's national origin was unlawful but acted in reckless disregard of the

law.

120.   As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

121.   The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

122.   The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

123.   Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

  A.  Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

  B.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

  C.  Enter an award against Defendant and award Plaintiff compensatory damages for

mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with

the full benefits Plaintiff would have had Plaintiff not been discriminated against

by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: January 20, 2021                    Respectfully submitted,

                                           */s/Peter M. Hoogerwoerd*
                                           Peter M. Hoogerwoerd, Esq.
                                           Florida Bar No.: 188239
                                           pmh@rgpattorneys.com
                                           **REMER & GEORGES-PIERRE, PLLC**
                                           44 West Flagler Street, Suite 2200
                                           Miami, FL 33130
                                           Telephone: (305) 416-5000
                                           Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA.

CASE NO. 2021-001486-CA-01

MICHAEL STEPHENS,

     Plaintiff,

vs.

ZARA U.S.A., INC.,
A Foreign Profit Corporation

     Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO: ZARA U.S.A., INC.**, through its Registered Agent:

        CORPORATION SERVICE COMPANY
        1201 HAYS STREET
        TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER HOOGERWOERD, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____        _____
CLERK                           DATE

_____
(BY) DEPUTY CLERK

Filing # 121472666 E-Filed 02/16/2021 02:28:36 PM                                    **EXHIBIT 1**

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

CASE NO. 2021-001486-CA-01

MICHAEL STEPHENS,

     Plaintiff,

vs.

ZARA U.S.A., INC.,
A Foreign Profit Corporation

     Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO: ZARA U.S.A., INC.**, through its Registered Agent:

        CORPORATION SERVICE COMPANY
        1201 HAYS STREET
        TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER HOOGERWOERD, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          2/18/2021
CLERK        310009        _____
_____        DATE
(BY) DEPUTY CLERK

**EXHIBIT 2**

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2021-001486-CA-06

MICHAEL STEPHENS,

     Plaintiff,

vs.

ZARA U.S.A., INC.,

     Defendant.

_____/

## NOTICE OF FILING NOTICE OF REMOVAL

     PLEASE TAKE NOTICE that Defendant ZARA USA, Inc., pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, has removed the above-styled action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida.

     Attached hereto as Exhibit "1" is a copy of the Notice of Removal which has been filed in the United States District Court, Southern District of Florida.

Dated: April 23, 2021          Respectfully submitted,

                    By: /s/ Michael A. Holt_____
                         Michael A. Holt
                         Florida Bar No.: 91156
                         Garrett S. Kamen
                         Florida Bar No.: 125854
                         FISHER & PHILLIPS LLP
                         450 East Las Olas Boulevard, Suite 800
                         Fort Lauderdale, Florida 33301
                         Telephone: (954) 525-4800
                         Facsimile: (954) 525-8739
                         mholt@fisherphillips.com
                         gkamen@fisherphillips.com

                         *Attorneys for Defendant*

**EXHIBIT 2**

## CERTIFICATE OF SERVICE

I certify that on **April 23, 2021**, I caused a true and correct copy of the foregoing document to be served on the following individuals, either via transmission of Notice of Electronic Filing generated by the *Florida's E-Filing Portal* or by United States Mail for those counsel or parties who are not authorized to receive electronically filed pleadings in this action to the parties listed below.

/s/ Michael A. Holt
MICHAEL A. HOLT

## SERVICE LIST

Peter M. Hoogerwoerd
REMER & GEORGES-PIERRE, PLLC
Courthouse Tower, Suite 2200
44 West Flagler Street
Miami, Florida 33130
Telephone:  (305) 416-5000
Facsimile:  (305) 416-5005
pmh@rgpattorneys.com

*Attorney for Plaintiff*

Michael A. Holt
Garrett S. Kamen
FISHER & PHILLIPS LLP
450 East Las Olas Boulevard, Suite 800
Fort Lauderdale, Florida 33301
Telephone: (954) 525-4800
Facsimile: (954)-525-8739
mholt@fisherphillips.com
gkamen@fisherphillips.com

*Attorneys for Defendant*